Jacob Gunter (Bar No. 12732)
**HOWARD LEWIS & PETERSEN, PC**
120 Eeast, 300 North
Provo, UT  84606
Telephone: 801.373.6345
Jacob@provolawyers.com

Tina Wolfson (*pro hac vice* forthcoming)
**AHDOOT & WOLFSON, P.C.**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: 310.474.9111
twolfson@ahdootwolfson.com

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INSTRUCTURE, INC., <br><br> Defendant. | No. 2:26-cv-00401 <br><br> **PLAINTIFF JOHN DOE'S MOTION TO PROCEED UNDER A PSEUDONYM** |

Pursuant to Local Rule 7-1, Plaintiff John Doe ("Plaintiff") respectfully moves this Court for an order allowing him to proceed under a pseudonym in this matter to protect his identity from public disclosure.

**INTRODUCTION**

Defendant Instructure, Inc. ("Defendant") operates Canvas, an educational management systems platform that collects information on students, parents, teachers, and administrators. On April 29, 2026 and May 7, 2026, third-party criminal threat actors gained unauthorized access to Instructure, Inc.'s stored files (the "Data Breach"). In this lawsuit, Plaintiff alleges that his sensitive personal information—including, but not limited to, his name, email address, student ID number, private messages, and location information—was stolen in the Data Breach.

Plaintiff John Doe is a Canvas user who seeks to protect his identity from criminal threat actors. Revealing his name would require him to reveal the very information that he is attempting to protect. Criminal threat actors could link his name to the information that ShinyHunters threatens to leak on the internet, including his location, his phone number, his address, and the private communications that he sent through the Canvas platform. Individuals whose personal information is revealed on the internet are often at risk of doxxing, blackmail, retaliation, and even the possibility of physical harm, especially when their communications are revealed and online actors disagree with their communications.[1]

Plaintiff fears that his name being associated with a public filing will increase the risk to his safety, including subjecting him to online and in-person abuse, harassment, threats of violence, and potential physical violence. An order allowing Plaintiffs to proceed under the John Doe pseudonym is warranted given the potential risks to him in proceeding publicly. Furthermore, permitting Plaintiff to proceed under a pseudonym will not prejudice Defendant. Plaintiff is willing

---

[1]  Kristen Kozinski & Nina Kapur, NYT Open, *How to Dox Yourself on the Internet* (Feb 27, 2020) https://open.nytimes.com/how-to-dox-yourself-on-the-internet-d2892b4c5954.

to disclose his identity to Defendant's counsel, as needed, to resolve the issues in this case. Further, the public interest does not require disclosure of Plaintiff's identity. Public disclosure of Plaintiff's identity is neither necessary nor warranted given the nature of this lawsuit and could lead to him being subjected to harassment and harm.

Courts have indicated that parties may proceed anonymously when cases involve sensitive and personal matters, when revealing a plaintiff's identity could cause the plaintiff harm, or when the injury litigated against would be incurred as a result of plaintiff identification. *Free Speech Coal. v. Anderson*, No. 23-cv-00287, 2023 WL 4205645, at *3 (D. Utah June 27, 2023). All elements are present here, and Plaintiff requests this Court to grant his motion to proceed under pseudonym.

**ARGUMENT**

**I.    PLAINTIFFS SHOULD BE PERMITTED TO PROCEED UNDER PSEUDONYM**

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the name of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms when exceptional circumstances warrant anonymity. *Id*. The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court when exceptional circumstances arise. *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006). Exceptional circumstances exist if the case involves matters of a "highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [litigant's] identity." *Id.* (internal citation and quotations omitted). Courts have granted permission to proceed pseudonymously when "it would be oxymoronic to require [them] to reveal their identities in order

3

to present their case . . . where the very conduct [plaintiff] oppose[s]" is being identified. *Free Speech Coal.*, 2023 WL 4205645, at *3.

Here, all circumstances are met.  Plaintiff litigates in part so that Defendant will implement protections that safeguard his personal information from disclosure.  It would be oxymoronic to require Plaintiff to reveal his identity when his identity is the very thing he aims to protect.  Further, Plaintiff's location, email address, student identification information, and personal communications were all maintained by Defendant and could have been leaked when criminal threat actors hacked Defendant's databases and stole Plaintiff's information.  Private information such as communications promulgated in an educational setting, location, and student identification information, are highly sensitive and should be protected.  Further, revealing this information in conjunction with Plaintiff's identity leaves him vulnerable to further harm, since sharing opinions in the present-day can leave individuals vulnerable to harm propagated on the internet.[2]

Plaintiff should be permitted to proceed under a pseudonym. As explained herein and in the Complaint, Plaintiff is a victim of a data breach involving sensitive personal information. Plaintiff seeks to proceed under pseudonym because he fears being targeted as a result of the data breach and his name being publicized and associated with a public filing.

Thus, given the risk of harm to Plaintiffs if their identities are revealed to the public, Plaintiff should be permitted to proceed under a pseudonym, especially given the "uniquely weak public interest in knowing the litigants' identit[y]." *Free Speech Coal.*, 2023 WL 4205645, at *3. This lawsuit does not implicate the public interest in knowing the litigant's name and has little

---

[2] *See supra*, n.1, *How to Dox Yourself on the Internet.*

bearing on the outcome of the case, factors that courts evaluate in determining the public interest in revealing identities. *Id*.

Additionally, Defendant will not suffer prejudice if the Court allows Plaintiff to proceed under a pseudonym. Once a protective order is in place, Plaintiff is willing to disclose his identity to Defense counsel who appear in this case (and this Court) and Defendants, as needed. Plaintiff ask only to keep his identity private from the public and criminal threat actors for his safety.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff John Doe respectfully requests that the Court grant this motion and permit him to proceed under a pseudonym.

Dated: May 9, 2026

*/s/ Jacob Gunter*
Jacob Gunter
**HOWARD LEWIS & PETERSEN, PC**

Tina Wolfson (*pro hac vice* forthcoming)
**AHDOOT & WOLFSON, P.C.**

*Attorneys for Plaintiff and the Proposed Class*